## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

J.C. individually, and all
others similarly situated,

        Plaintiff,

    v.

GENE RICHARDS, ANTHONY H.
OGOZALEK, JR., RANDALL
FREILING, DONNA CARNS,
KIMBERLY MORRELL, JENAI
JOHNSON, SGT. ROBERT WORRICK,
CHARLES GROVER, BOROUGH OF
CLEMENTON

        Defendants.

Civil No. 18-13947 (NLH/KMW)

**OPINION**

**HILLMAN**, District Judge

    This case concerns civil rights claims brought by a pro se litigant under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act. Currently before the Court is Plaintiff's Motion for Reconsideration and Motion for Recusal. For the reasons expressed herein, this Court will grant Plaintiff's Motion for Reconsideration and deny Plaintiff's Motion for Recusal.

### BACKGROUND

    On September 17, 2018 Plaintiff, identified only as J.C., filed a complaint in this Court against the Borough of Clementon, Donna Carns, Randall Freiling, Charles Grover, Jenai Johnson, Kimberly Morrell, Anthony M. Ogozalek, Jr., Gene

Richards, and Robert Worrick (collectively, "Defendants"). The complaint alleges that in September 2016, Plaintiff received a notice stating he had plant growth on his property that was in violation of the Borough of Clementon's code. A trial was held concerning this alleged code violation, in which the charge was apparently sustained. The code violation allegedly entailed a fine, court costs, and later criminal penalties. Plaintiff alleges various civil rights violations occurred during the investigation, prosecution, and attempted appeal of the underlying case.

On September 18, 2018, this Court issued an Order to Show Cause to Plaintiff, directing Plaintiff to either (1) show cause why Plaintiff should be able to proceed under the pseudonym "J.C." or (2) amend the complaint so that the caption contains his name. Plaintiff responded to this Order to Show Cause on October 5, 2018, arguing he should be able to proceed under what Plaintiff asserted were his initials. On November 1, 2018, this Court ordered Plaintiff to amend his complaint to reflect his full name or face dismissal, without prejudice.

Plaintiff thereafter filed a Motion for Reconsideration on November 29, 2018 and a "Reply in Opposition to November 1st Filing" on December 6, 2018. Plaintiff also filed a Motion for Recusal on December 6, 2018. Considering no Defendant has entered an appearance, this Court finds these motions fully

briefed and ripe for adjudication.

## ANALYSIS

### A.    Subject Matter Jurisdiction

This Court possesses subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

### B.    Motion for Reconsideration Standard

Plaintiff brings a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  Rule 59(e) allows a Court to "alter or amend a judgment."  Because there has been no final judgment entered under Federal Rule of Civil Procedure 54(b), a Rule 59(e) motion is inapplicable.  Jones v. Sanko S.S. Co., No. 10-6787 (JBS/KMW), 2016 U.S. Dist. LEXIS 26205, at *10-11 (D.N.J. Mar. 2, 2016) (citing Mitchell v. Twp. Of Willingboro Mun. Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012)).

Instead, this Court will construe Plaintiff's motion for reconsideration as one under Local Rule of Civil Procedure 7.1(i).[1]  Local Rule 7.1(i) allows a party to file a motion with the Court requesting the Court to reconsider the "matter or controlling decisions which the party believes the Judge or

_____

[1] Although it appears Plaintiff has not timely filed this motion for reconsideration (it was filed twenty-eight days after the complained of Order was docketed), this Court will consider Plaintiff's arguments on the merits.  See L. Civ. R. 7.1(i) ("[A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.").

Magistrate Judge has overlooked." Construing this motion
liberally, this appears to be exactly the argument Plaintiff
sets forth. (See Pl.'s Mtn. for Recons. 1 n.1 ("Thus,
Plaintiff's motion for reconsideration does not attempt to raise
arguments or evidence Plaintiff neglected to put forth earlier,
but rather urges the Court to grant due consideration to
overlooked evidence Plaintiff presented.").)

The Local Rule 7.1(i) standard applies to Plaintiff's
Motion for Reconsideration. Under Local Rule 7.1(i), the moving
party must demonstrate "'the need to correct a clear error of
law or fact or to prevent manifest injustice.'" Andreyko v.
Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014)
(citations omitted). In doing so, the moving party must show
the "'dispositive factual matter or controlling decisions of
law'" it believes the court overlooked in its initial decision.
Mitchell, 913 F. Supp. 2d at 78 (citation omitted). A mere
disagreement with the Court will not suffice to show that the
Court overlooked relevant facts or controlling law. United
States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J.
1999).

### C. Motion for Reconsideration

Plaintiff's Motion for Reconsideration is essentially a
restatement, some of it word-for-word, of his other filings and
mostly shows mere disagreement with the Court's Orders rather

than that the Court overlooked any dispositive legal or factual matters. The Court finds, however, that Plaintiff has presented a single question of law and fact that this Court must consider. Plaintiff asserted in his response to the Court's September 18, 2019 Order to Show Cause that he was presently seeking expungement, although the Court stated he only planned on seeking expungement at some later date. Thus, the question presented to this Court is whether Plaintiff may proceed using only his initials if he seeks expungement of state court criminal records under the All Writs Act. For that reason, all arguments except Plaintiff's argument concerning expungement, shall not be considered by the Court.

Plaintiff's Complaint appears to request expungement pursuant to the All Writs Act. In Plaintiff's Complaint, Plaintiff states "Plaintiff's claim for expungement (if needed) is authorized by the All Writs Act, 28 U.S.C. § 1651." (Pl.'s Compl. ¶ 1.) Although the addition of "if needed" appears to indicate that Plaintiff did not presently wish to pursue expungement, Plaintiff has made clear in later briefing to the Court that Plaintiff does wish to pursue expungement in this matter. For purposes of this Opinion only, the Court will construe this as a present request for expungement to be decided in this case.

As defined in Black's Law Dictionary, an "expungement of

record" is "the removal of a conviction (esp. for a first offense) from a persona's criminal record." Expungement of Record, Black's Law Dictionary (10th ed. 2014). In other words, and as the case law cited infra shows, expungement is reserved for criminal records. Thus, before addressing the law in this regard, the Court must determine whether Plaintiff seeks expungement of criminal records. Unfortunately, Plaintiff's Complaint and briefing is contradictory on this point.

At multiple points in Plaintiff's Complaint, Plaintiff uses language associated with a criminal proceeding in describing the underlying trial that is a subject of this suit. (See, e.g., Pl.'s Compl. ¶¶ 13, 23, 24, 27 (stating a "prosecutor" was involved, that he was presented a "not guilty" slip, that he was "charged," and that a "Brady violation" had occurred).) At other points, and in later briefing to the Court, Plaintiff then insisted he has not been convicted of a crime in connection with the code violation. (See, e.g., Pl.'s Compl. ¶¶ 24, 27 (stating the "conviction" could lead to "criminal penalties" and that "a criminal arrest warrant" would be issued if he refused to pay a fine).) Interpreting Plaintiff's Complaint liberally, the Court will assume for purposes of this Opinion that the expungement request here involves criminal records or that otherwise expungement could properly be requested in this case.

Now that the Court has determined that expungement may be

applicable, the Court must determine whether the law permits a
federal court to expunge a state criminal record in this alleged
factual scenario.  Generally, the All Writs Act, 28 U.S.C. §
1651, permits a district court to "issue all writs necessary or
appropriate in aid of their respective jurisdictions and
agreeable to the usages and principles of law."  28 U.S.C. §
1651(a).  Although seemingly all-encompassing, the All Writs Act
is only applied in limited circumstances.  A court in this
District explained the parameters of the All Writs Act as
follows: "'Section 1651 permits this Court to issue a writ of
mandamus in aid of its own jurisdiction, but – like § 1361 –
does not confer upon it the authority to compel state judicial
officers to act in matters pending in those officers' courts.'"
Caraballo v. Grewal, No. 17-787 (SRC), 2017 U.S. Dist. LEXIS
1089780, at *7 (D.N.J. July 12, 2017) (quoting Tate v. New
Jersey, No. 09-2697 (KSH), 2009 U.S. Dist. LEXIS 61139, at *4
(D.N.J. July 17, 2009)).  "Nor may the Court issue the writ
'against state officials for violations of their duties under
state law.'"  Id. (citing Tate, 2009 U.S. Dist. LEXIS 61139, at
*4).

The All Writs Act is further limited in the case of
expungements.  Federal courts have very narrow jurisdiction over
petitions for expungement.  United States v. Rowlands, 451 F.3d
173, 177 (3d Cir. 2006) (discussing United States v. Noonan, 906

7

F.2d 952 (3d Cir. 1990)(citing <u>United States v. Friesen</u>, 853

F.2d 815, 818 (10th Cir. 1988) (only "unusually compelling

circumstances . . . justify the exercise of the trial court's

'narrow' power to order expunction"))).  Expungement requests

may only be granted in cases of illegal or invalid prosecutions.

<u>See, e.g.</u>, <u>United States v. McMains</u>, 540 F.2d 387, 390 (8th Cir.

1978) ("The power [to expunge criminal records] is a narrow one,

usually exercised in cases of illegal prosecution or acquittals

and is not to be routinely used.").  The All Writs Act does not

enlarge the limited jurisdiction of the federal courts in

petitions for expungement.  <u>Rowlands</u>, at 178.  <u>See also</u> <u>United</u>

<u>States v. Boniella</u>, 297 F. App'x 161, 161 (3d Cir. 2008)

("[N]either this Court nor the District Court has jurisdiction

to seal or expunge a conviction where there is no challenge to

the validity of the conviction or arrest.") (citing <u>Rowlands</u>, at

178)); <u>United States v. Jackson</u>, NO. 96-264 (PGS), 2010 U.S.

Dist. LEXIS 14651, at *2 (D.N.J. Feb. 18, 2010) ("'[I]n the

absence of any applicable statute enacted by Congress, or an

allegation that the criminal proceedings were invalid or

illegal, a District Court does not have the jurisdiction to

expunge a criminal record, even when ending in acquittal.'"

(quoting <u>United States v. Dunegan</u>, 251 F.3d 477, 480 (3d Cir.

2001))).

    Plaintiff has alleged repeatedly in the complaint that the

prosecution was invalid or illegal.  This is a possible basis by which a federal court may expunge state court criminal records. Thus, because Plaintiff presently seeks expungement and expungement may be applicable to this case, it is acceptable for Plaintiff to proceed solely on the basis of his initials at least for the purpose of filing his complaint.  The Court notes, however, that this is not a decision on the merits and is solely for purposes of determining the question presented in Plaintiff's Motion for Reconsideration.

Thus, the Court will grant Plaintiff's Motion for Reconsideration solely on these narrow grounds and allow Plaintiff to proceed using only his initials at least at this early stage.  As directed in the accompanying Order, Plaintiff will serve Defendants as expeditiously as possible.  Once all have been served, Defendants will be permitted to lodge any objections they may have on this issue and Plaintiff will be given an opportunity to respond.

**D.  Motion for Recusal Standard**

Recusal is within the sound discretion of the trial court judge.  United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir. 1985).  Two federal statutes apply to recusal of a federal judge.  The two statutes are 28 U.S.C. §§ 144 and 455. Plaintiff only cites to 28 U.S.C. § 455, so the Court construes

the motion for recusal as brought solely under that statute.[2]

Specifically, it appears Plaintiff seeks disqualification of the undersigned from this case pursuant to 28 U.S.C. § 455(a) and (b). Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under 28 U.S.C. § 455(b)(1),[3] a judge must "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of a disputed evidentiary facts concerning the proceeding."

As the Third Circuit has held, "[t]he test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (citing Alexander v. Primerica Holdings, 10 F.3d 155, 164 (3d Cir. 1993)). Under § 455(a), a movant need not show actual bias. Id. at 302. Further, the

---

[2] Even if Plaintiff's Motion for Recusal could be construed as being brought under 28 U.S.C. § 144, it is fatally deficient. That federal statute requires the moving party to "make[] and file[] a timely and sufficient affidavit." 28 U.S.C. § 144. Plaintiff has not done so here.

[3] The Court notes that disqualification is also required in four other situations under 28 U.S.C. § 455(b), but it does not appear Plaintiff asserts disqualification is required under these other subsections even though he cites generally to § 455(b) in his Motion for Recusal. The Court finds, regardless, that disqualification would be inappropriate under 28 U.S.C. § 455(b)(2)-(5) as they are inapplicable to this case.

Third Circuit explained:

> The hypothetical reasonable person under § 455(a) must be someone outside the judicial system because judicial insiders, "accustomed to the process of dispassionate decision making and keenly aware of their Constitutional and ethical obligations to decide matters solely on the merits, may regard asserted conflicts to be more innocuous than an outsider would."

Id. at 303 (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)).

Under § 455(b)(1), a movant must show "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." Liteky v. United States, 510 U.S. 540, 550 (1994). Unlike § 455(a), § 455(b)(1) requires not just the appearance of partiality, but a showing of actual bias or prejudice held. See United States v. Sciarra, 851 F.2d 621, 635 (3d Cir. 1988) ("Although subsection (a) requires only the objective appearance of bias, subsection (b)(1) requires bias-in-fact." (citing United States v. Nobel, 696 F.2d 231, 235 (3d Cir. 1982), cert. denied, 462 U.S. 1118 (1983))).

But, as the United States Supreme Court has stated, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)); see also D'Amario v. Bailey, 182 F. App'x 102, 103 (3d

Cir. 2006) ("Adverse legal rulings are not proof of prejudice or bias and, almost never, a basis for recusal under . . . 455(b)(1)."). The reason: (1) "they cannot possibly show reliance upon an extrajudicial source" and (2) "can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved." Id. Instead, a litigant's disagreements or complaints about an opinion or order "are proper grounds for appeal, not for recusal." Id.

**E. Motion for Recusal**

Plaintiff asserts in his motion for recusal several grounds upon which he argues the undersigned must recuse himself. Generally, Plaintiff alleges this Court's Orders have revealed a favoritism towards the Defendants in this matter. In support of this assertion, Plaintiff alleges the following:

- The Court made a "bogus, illegal, sua sponte attempt to dismiss the case" by requiring Plaintiff to file an amended complaint which included his full, legal name;

- The Court ignored proper procedure, law, and all case law cited by Plaintiff;

- The Court stated the alleged civil charge filed against Plaintiff was actually a criminal charge;

- Ignoring Plaintiff's "d.l. suspension";

- "Changing an expungement that is part of this suit now, to possibly in the far future at some unknown point"; and

- Stating Plaintiff's "declaration not to proceed is a bare allegation."

(Pl.'s Mot. for Recusal 2.)

First, the Court will consider whether any of Plaintiff's arguments require recusal under § 455(a). A reasonable person, with access to all of the facts here, would not conclude this Court's impartiality might reasonably be questioned. Plaintiff's arguments here are essentially that he does not agree with the Court's decision. That is a topic for appeal or reconsideration, not one for a recusal motion. In fact, most – if not all – of Plaintiff's arguments discussed supra have been addressed and decided in Plaintiff's favor in this Court's decision on Plaintiff's Motion for Reconsideration. Moreover, none of the Court's rulings to this point have opined on the merits of the action and thus have not shown partiality to any party. The Court's decisions have only concerned the Court's duty to allow public access to cases unless proper facts are shown which would override this duty. Plaintiff's Motion for Recusal under § 455(a) will be denied.

Second, the Court will consider whether any of Plaintiff's arguments require recusal under § 455(b)(1). Plaintiff has failed to show the undersigned has "personal knowledge of

disputed evidentiary facts concerning the proceeding." 28
U.S.C. § 455(b)(1). As such, Plaintiff's argument for recusal
under § 455(b)(1) is limited to whether the undersigned "has a
personal bias or prejudice concerning a party." It appears
Plaintiff alleges this Court both has favoritism towards the
Defendants and is biased against him.

But, Plaintiff's only evidence of this so-called favoritism
or bias is the Court's own Orders. This evidence is not
sufficient to show actual bias here. See D'Amario, 182 F. App'x
at 103 (3d Cir. 2006) (affirming the denial of a motion to
recuse because it was "no more than a disagreement with the
legal conclusions of [a] [d]istrict [j]udge . . ."); Securacomm
Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.
2000) (finding no abuse of discretion on review of a denial of a
recusal motion and stating "a party's displeasure with legal
rulings does not form an adequate basis for recusal"). 
Plaintiff's Motion for Recusal, to the extent it relies upon §
455(b)(1), will also be denied.

**F. Plaintiff's Conduct and Responsibilities to the Court**

Unfortunately, this Court must remind J.C. of his
obligations to this Court and other litigants. Even though J.C.
is proceeding pro se, he is still governed by Federal Rule of
Civil Procedure 11 and Local Rule of Civil Procedure, Appendix
R. Plaintiff's status as a pro se litigant gives him no more

14

right than any attorney or party before this Court to engage in conduct detrimental to this Court and the orderly administration of justice.  This Court reminds J.C. that inappropriate language his written submissions may lead to the imposition of sanctions or contempt.

Rule 11 grants district courts "the power to sanction abusive pro se litigants."  Thomas v. Conn. Gen. Life Ins. Co., No. 02-136, 2003 WL 22953189, at *3 (D. Del. Dec. 12, 2003) (quoting Ketchum v. Cruz, 775 F. Supp. 1399, 1403 (D. Colo. 1991), aff'd, 961 F.2d 916 (10th Cir. 1992)).  By signing pleadings and motions, a plaintiff is certifying his representations are not "for any improper purpose, such as to harass" and that his representations are truthful, to the best of his knowledge, information, and belief.  While Rule 11 sanctions are "intended to be used only in 'exceptional' circumstances," Ferreri v. Fox, Rothschild, O'Brien & Frankel, 690 F. Supp. 400, 405 (E.D. Pa. 1988), if Plaintiff's conduct throughout this case shows to be "exceptional," this Court will not hesitate to sanction Plaintiff.

Additionally, Appendix R to the Local Rules of Civil Procedure explains the obligations which lawyers owe to opposing counsel and the Court.  Because J.C. is acting as his own counsel in this case, the Court expects him to comply with those standards.  Specifically, J.C. "will speak and write civilly and

15

respectfully in all communications with the court" and "will not knowingly misrepresent, mis-characterize, misquote, or mis-cite facts or authorities in any oral or written communication to the court."

Plaintiff, who himself has alleged to be a victim of false statements, is cautioned against making statements on this Court's public docket that are irrelevant and potentially defamatory. For example, stating Ogozalek "is a cancer" and a "walking civil rights violation" is inappropriate in a pleading. Calling this Court's Orders "slop" and "garbage" and the Court "a total, total disgrace" is both outrageous and unwarranted. J.C.'s use of insulting language in his written submissions will not be tolerated. The Court expressly reserves judgment as to whether any of Plaintiff's behavior - to this point - warrants Rule 11 sanctions and whether certain matters should be stricken as scandalous and improper material. FED. R. CIV. P. 12(f).

**CONCLUSION**

For the reasons stated herein, this Court will grant Plaintiff's Motion for Reconsideration and deny Plaintiff's Motion for Recusal. Plaintiff will be directed to serve Defendants.

An appropriate Order will be entered.

Date: _July 26, 2019_          _s/ Noel L. Hillman_
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.