```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| J.C., | No. 1:18-cv-13947-NLH-KMW |
| Plaintiff, | |
| v. | OPINION |
| GENE RICHARDS, et al., | |
| Defendants. | |

**APPEARANCES:**

J.C.
P.O. BOX 934
PHILADELPHIA, PA 19105

    *Plaintiff appearing* pro se.

GEORGE J. BOTCHEOS, JR.
GEORGE J. BOTCHEOS, CHARTERED
1202 LAUREL OAK ROAD
SUITE 208
VOORHEES, NJ 08043

    *On behalf of Defendants.*

**HILLMAN**, District Judge

    This case comes before the Court on Plaintiff J.C.'s motions for recusal and for reconsideration of this Court's prior Order granting Defendants' motion to enforce a settlement agreement and denying Plaintiff's motion for sanctions.  For the reasons expressed below, both motions will be denied.

**BACKGROUND**

On September 17, 2018 Plaintiff, identified only as J.C., filed a complaint in this Court against the Borough of Clementon, Donna Carns, Randall Freiling, Charles Grover, Jenai Johnson, Kimberly Morrell, Anthony M. Ogozalek, Jr., Gene Richards, and Robert Worrick (collectively, "Defendants").  (ECF No. 1).  The complaint alleges that in September 2016, Plaintiff received a notice stating he had plant growth on his property that was in violation of the Borough of Clementon's code.  A trial was held concerning this alleged code violation, in which the charge was apparently sustained.  The code violation allegedly entailed a fine, court costs, and later criminal penalties.  Plaintiff alleges various civil rights violations occurred during the investigation, prosecution, and attempted appeal of the underlying case.

On September 18, 2018, this Court issued an Order to Show Cause to Plaintiff, directing Plaintiff to either (1) show cause why Plaintiff should be able to proceed under the pseudonym "J.C." or (2) amend the complaint so that the caption contains his name.  Plaintiff responded to this Order to Show Cause on October 5, 2018, arguing he should be able to proceed under what Plaintiff asserted were his initials.  On November 1, 2018, this Court ordered Plaintiff to amend his complaint to reflect his full name or face dismissal, without prejudice.  Plaintiff

2

thereafter filed a Motion for Reconsideration on November 29, 2018, (ECF No. 6), as well as a Motion for Recusal on December 6, 2018.  (ECF No. 8).  On July 26, 2019, the Court issued an Opinion and Order denying Plaintiff's motion for recusal, and granting Plaintiff's motion for reconsideration and permitting him to proceed in this action using his initials.  (ECF No. 10 and 11).

On October 31, 2019, Magistrate Judge Williams hosted an initial conference with the parties, at which time she also facilitated discussions regarding a potential settlement agreement.  At that hearing, the parties reached a settlement agreement; however, Plaintiff had ongoing concerns regarding potential collateral consequences of the code violation. Accordingly, the parties agreed that the Court would vacate the settlement agreement if Plaintiff could locate legal authority within the administrative termination period suggesting Defendants could recall Plaintiff's code violation through this collateral civil litigation.  Magistrate Judge Williams therefore administratively terminated the action, giving the parties a period in which to finalize and sign the settlement agreement documents.

Plaintiff, despite signing a general release and agreeing to the terms of the settlement, later refused to sign the stipulation of dismissal.  Accordingly, on December 4, 2019,

3

Defendants filed a motion to enforce the settlement agreement. (ECF No. 18). Plaintiff responded by filing a motion for sanctions against Defendants' counsel. (ECF No. 21).

On September 10, 2020, the Court entered an Opinion and Order granting Defendants' motion to enforce the settlement agreement and denying Plaintiffs' motion for sanctions. The Court specifically found that Plaintiff had orally agreed to the settlement agreement under New Jersey law, and that he had further failed to demonstrate how his municipal code violation could be vacated as part of the parties' settlement agreement, despite a fair opportunity to do so. Accordingly, the Court found that the settlement agreement must be enforced, and Ordered Plaintiff to comply with the requirements of the agreement.

Finally, on October 7, 2020, Plaintiff filed the present motion for reconsideration (ECF No. 27), which he then followed with a second motion for recusal on October 19th. (ECF No. 28). Defendants filed a letter opposing the motion for reconsideration on October 26, 2020. (ECF No. 29). The time for filing further briefs in support or opposition to either motion has since passed, and both motions are therefore ripe for adjudication.

**DISCUSSION**

I.  **Subject Matter Jurisdiction**

This Court possesses subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

II. **Motion for Recusal**

The Court will first briefly address Plaintiff's motion for recusal.  Put simply, Plaintiff's present motion, which is his second motion seeking the Court's recusal from this matter, is almost identical to his first motion for recusal.  The Court will not now re-address each individual argument that it has previously rejected in this action, simply because Plaintiff chose to re-file his motion.  While Plaintiff has taken the time to add additional insults directed at the Court, his arguments for recusal are otherwise largely word-for-word the same and focused on the Court's initial Orders to Show Cause regarding Plaintiff's refusal to litigate using his full name, and his belief that the Court has shown bias against him and favoritism for Defendants through its opinions and orders in this action.  As the Court explained in its July 26, 2019 Opinion denying Plaintiff's first motion for recusal, (ECF No. 10), these are not proper bases for recusal and Plaintiff has failed to meet his burden.  Accordingly, Plaintiff's motion for recusal will be denied.

### III. Motion for Reconsideration

Plaintiff has also moved under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's September 10, 2020 Order granting Defendants' motion to enforce the settlement agreement and denying Plaintiffs' motion for sanctions.  A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

The burden is on the moving party to demonstrate the existence of clear error or manifest injustice.  Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted). In doing so, the moving party must show the "'dispositive factual matter or controlling decisions of law'" it believes the court overlooked in its initial decision. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002).  A mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Plaintiff's moving brief puts forth no intervening change in controlling law, presents no new evidence, and entirely fails to demonstrate a clear error of law or fact or any examples of manifest injustice. Instead, Plaintiff's brief largely consists of (1) numerous pages of unsupported argument that the Court's conclusion that Plaintiff failed to demonstrate a basis for vacating his municipal code violation was incorrect, with no new basis provided as to why that is the case, (2) arguments regarding the Court's mention in its September 10, 2020 Opinion that Plaintiff had filed his opposition to Defendants' motion to enforce the settlement agreement late, and (3) extensive and inappropriate attacks and insults directed at the Court.

As to Plaintiff's first argument, he has entirely failed to point to any dispositive factual matter or controlling decisions of law that the Court overlooked in its prior Opinion; instead, he mostly picks out individual phrases from the Opinion and expresses disagreement with them, which is the exact form of argument that does not suffice for a motion for reconsideration. Nor does his second argument lean in favor of reconsideration: while, contrary to Plaintiff's assertions, his opposition brief to the motion to enforce the settlement agreement was in fact untimely, the Court expressly stated in its Opinion that "[w]hile the Court has authority to decline consideration of that late-filed opposition, the Court will accept Plaintiff's

7

opposition and will consider it as if timely filed." (ECF No. 25 at 8). Accordingly, the timeliness of Plaintiff's opposition brief played no role in the Court's holding.

Finally, the Court will briefly address Plaintiff's continued usage of his filings in this proceeding to attack and insult this Court. In its July 26, 2019 Opinion in this action, the Court explicitly told Plaintiff that his "use of insulting language in his written submissions will not be tolerated," and warned him that if his behavior continued, "this Court will not hesitate to sanction Plaintiff." (ECF No. 10 at 15-16). Plaintiff, unfortunately, has chosen to ignore the Court's warnings, and has instead only escalated his attacks in each subsequent filing.

The Court, having considered the matter, will not sanction Plaintiff at this point: simply put, "'any sanctions and the prospect for further proceedings related to those sanctions will only serve to perpetuate a forum' for Plaintiff to continue his behavior and to extend this action even further." Kamdem-Ouaffo v. Campbell Soup Company, 18-00298 (NLH/JS), 2020 WL 6156713, *10 (D.N.J. Oct. 20, 2020) (quoting Dinnerstein v. Burlington County College, No. 1:13-cv-5598 (NLH/KMW), 2017 WL 5593776, at *8 (D.N.J. Nov. 21, 2017)). However, the Court does warn Plaintiff that if he continues file documents containing inappropriate insults, attacks, and threats directed at the

Court, other parties, and counsel appearing in this action, it will not again decline to impose sanctions on him.

## **CONCLUSION**

For the reasons expressed above, Plaintiff's motion for reconsideration (ECF No. 27) and motion for recusal (ECF No. 28) will be denied.

An appropriate Order will be entered.


Date: April 6, 2021                    /s Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.